UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:21-cr-318-TWP-MJD |
| ANTHONY RAUPP, | ) ) | - 01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On February 8, 2024, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on December 4, 2023. Defendant appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Kathryn Olivier, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Megan Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted violation numbers 4-8. [Docket No.40.] Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **"You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."** |
| | Following Mr. Raupp's release from jail on November 20, 2023, he contacted this officer on November 21, 2023. He was instructed to go to Community North Hospital for a walk in mental health evaluation due to him hearing voices and seeing things. He agreed to arrange for transportation and make himself available for the evaluation. Mr. Raupp has not contacted this officer since the November 21, 2023, as instructed. His whereabouts were unknown until November 25, 2023, when officers with the Indianapolis Metropolitan Police Department (IMPD) located him a business rooftop suffering from hallucinations. |
| 5 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |
| | On November 25, 2023, Mr. Raupp called emergency services as he was stuck on a business rooftop after he reported clowns were chasing him around all day, and he was hiding from them. Officers with Indianapolis Metropolitan Police Department took Mr. Raupp to Eskenazi Hospital for an emergency detention. Staff with the hospital did not admit him for care and instead referred him for outpatient services. Mr. Raupp has not reported this incident to this officer. |
| 6 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
| | According to Mr. Raupp's family, he has not returned to his approved residence since on or about November 22, 2023. His whereabouts are currently unknown to them and this officer. |
| 7 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality,** |

      **duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

      Mr. Raupp has failed to follow through with an assessment for substance abuse treatment as direct by this officer.

8      **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

      Mr. Raupp has failed to follow through with an assessment for mental health treatment as direct by this officer.

4. The parties stipulated that:

    (a)    The highest grade of violation is a Grade C violation.

    (b)    Defendant's criminal history category is V.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5. The parties jointly recommended a sentence of 12 months with 12 months of supervised release to follow. Defendant requested placement at a medical facility.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months of incarceration with 12 months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.
2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.
4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.
5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.
13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.
14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.
15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.
16. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: Conditions 14-16 are recommended given the offender's history of substance abuse and his prior criminal
history for public intoxication, as well as past violations of probation for drug use. This condition will assist in monitoring his sobriety and assist in providing substance abuse treatment services if necessary.

17. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition is recommended given the offender's prior mental health diagnosis and the need for ongoing therapy and medication management.
18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: This condition is recommended given the offender's criminal history including firearms offenses, offenses of violence, substance abuse, as well as history of mental instability. This will assist in monitoring his compliance on supervision and add a measure of protection for the community.

Defendant reviewed the above noted conditions with his attorney.

Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation for placement at a federal medical correctional facility for psychiatric care. Court also recommends he participate in the Moral Recognition Treatment as part of his supervised release.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/9/2024

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system